UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HONGTAI TRADING INC., ZHIHAO YUAN,
and ZHIQIN YUAN,

                                        12--CV—3683
                                        (Irizarry, J)
                         **Plaintiffs,**        (V. Scanlon, M. J.)

      - against -

MINGSHENG YAN, BILL YU, YING KOU
TAIYANG PACKING PRODUCTS CO., LTD. and
US TAIYANG PACKING PRODUCTS CO., LTD.,

                         **Defendants.**
-----------------------------------------------------------------x
YING KOU TAIYANG PACKING PRODUCTS CO., LTD.,

    **Third Party Plaintiff,**

      - against -

YYT EMPIRE, INC., and WT EMPIRE, INC.,

    **Third Party Defendants.**
-----------------------------------------------------------------x

## THIRD PARTY DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS THIRD PARTY COMPLAINT

**DAI & ASSOCIATES, P.C.**
**Attorneys For Third-Party Defendants**
1500 Broadway – 22nd Floor
New York, New York
(212) 730-8880

Of Counsel: Marc E. Elliott, Esq.

1

## PRELIMINARY STATEMENT

Third-party Defendants respectfully submit this memorandum of Law in Support of their Motion for an Order dismissing the Third-Party Complaint pursuant to Fed.R.Civ.P. 9 and 12(b)(6) for failure to state a claim.

## BACKGROUND

For the purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the facts alleged in the Third-party Complaint are taken to be true, and need not be repeated here at length. However, certain facts from the Complaint, the Answer and the Third-party Complaint are reviewed briefly in order to forth the nature of this action and highlight the facts that are relevant to this motion.

### Nature of Action and Claims Asserted

Plaintiff Hongtai Trading, a New York corporation, asserts claims for trademark infringement, unfair competition and breach of fiduciary against one of its shareholders, officers and directors, Mingsheng Yan, a Chinese citizen, and his company, Ying Kou Taiyang Packing Products Co., Ltd., a Chinese corporation ("YKT"). Yan and YKT have counterclaimed against Plaintiff and YKT has filed a third-party complaint seeking damage for goods sold and delivered. YKT alleges that the third party defendants were formed by Plaintiff's shareholders as "alter egos" to "engage in fraud".

For this motion, it is crucial to note that Yan and YKT's Answer and Counterclaims do not dispute, and in fact affirmatively allege, that Yan entered into a joint venture agreement with the individual Plaintiffs Zhihao X. Yuan and Zhiquan Z. Yuan in 2099 ("the Yuans") whereby the three of them agreed to form and be equal shareholders in Hongtai Trading and further agreed that through Hongtai Trading they would do business exclusively with YKT, Yan's Chinese corporation.

2

**Facts**

The facts are simple. The Yuans sell plastic supermarket shopping bags. They were solicited by Yan to go into business together. Yan said that his low costs in China enabled him to supply bags for less than the cost of their American-made bags. The joint venture agreement followed.

Plaintiff Complaint claims that YKT's bags were imported from China in violation of tariffs, causing Plaintiff to pay substantial penalties; that Defendants took its customer lists and forced it out of business; and that Yan and YKT infringed on its trademarks. Plaintiff claims it had $6 million in sales from 2009 to 2011 and seeks compensatory damages in that amount, plus treble damages under the Lanham Act.

YKT's Answer admits that the purpose of the joint venture agreement was for Yan and YKT to supply Plaintiff's products for sale in the United States and its Third-Party Complaint claims that the Yuans formed wholly-owned corporations to avoid tariffs and have failed to pay for $603,000 in goods that YKT sold and delivered. YKT sues for goods sold and delivered, an account stated and for fraud (its third cause of action), although the nature of the fraud is not clearly alleged. In its third cause of action, YKT requests $1,033,000 in damages, plus $2 million in "compensatory damages" and, in adition, $4 million in punitive damages.

The Third-party Defendants now move for dismissal of the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6) on tow grounds. First, third-party plaintiff YKT is a foreign corporation and is doing business in New York State without authority (see attached affidavit setting forth the results of investigation) and is barred under New York Bus. Corp. Law §1312(a) from maintaining any legal action in state or federal court, thus requiring dismissal of its claims. Second, YKT's Third-Party Complaint fails to allege fraud with the specificity required under common law and Fed.R.Civ.P. 9. In light of these defects, the Third-Party Complaint should be dismissed with prejudice.

3

## ARGUMENT

**A. THE LEGAL STANDARD.**

A motion to dismiss for failure to state a claim should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir 1998) (quoting Conley V. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)). The plaintiff's factual allegations must be accepted as true, Zinerman v. Burch, 494 U.S. 113, 118, 110 S.Ct. 975, 979 (1990), and the court must draw all reasonable inferences in the plaintiff's favor. Thomas v. City of New York, 143 F.3d 31, 36 (2d Cir 1998). The issue is not whether the plaintiff will win, but whether he is entitled to offer evidence to support his claims. Villager Pond, Inc. v. Darien, 56 F.3d 375, 378 (2d Cir 1995).

In this matter, the third party plaintiffs are not entitled to offer evidence to support their claims, because they are not permitted to maintain any legal proceeding in any court in the State of New York. New York Business Corporations Law §1312(a) requires a foreign corporation – that is, one not incorporated in New York – to qualify in New York by registering as a foreign corporation authorized to do business in New York and paying to the State all fees, penalties and franchise taxes due. *See* Point B *infra*. This is an absolute defense to all three causes of action alleged in the third-party complaint, without regard to whether or not the pleadings are technically adequate.

With respect to pleadings, each cause of action asserted in a complaint must allege each material element required to be granted a recovery for that cause of action. Connolly v. Havens, 763 F.Supp. 6 (SDNY 1991). Thus, "[a]llegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 MOORE'S FED. PRAC. §12.34[1][b](Lexis 2000). See also Hirsch v. Arthur Anderson & Co., 72 F.2d 1085, 1088, 1092 (2d

4

Cir. 1995); First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir) cert den'd, 513 US 1079 (1994); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)(conspiracy claims should provide more than conclusory or general allegations and should provide details of time and place). The third-party complaint fails in this regard.

On a motion to dismiss, while factual allegations must be accepted as true and viewed in the light most favorable to the complaining party, see Fed.R.Civ.P. 12(b)(6), the court need not accept as true unsupported or conclusory allegations and/or legal conclusions asserted as fact. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); Alter v. Bogoricin, Civ. 97-00662, 1997 WL 601332 at *12 (SDNY Nov. 6, 1997)("[A]lthough a district court is required to accept as true all well-pleaded allegations in deciding a motion to dismiss, it is not required to accept as true conclusory allegations *for which there are no factual underpinnings*.")(emphasis added).

Measure against this standard, the third-party complaint is clearly defective. It alleges, with no factual support or any detail whatsoever, that the third-party defendants are "under the complete control and domination" of the Yuans and "existed solely to serve the wrongful purposes" of them and "to enable [them] to commit fraud and other wrongs ...." *See* Third-Party Comp., ¶¶ 8-10. It also alleges that the Plaintiffs created the third-party defendant corporations "as part of their scheme to defraud" YKT; *see id.* ¶19, without any details of the statements, if any, which constitute the fraud. YKT alleges that it sold and delivered $603,853.70 of goods to these corporations. *Id.*, ¶¶13,14, 17. Based on these conclusory allegations, the third-party complaint asserts a cause of action for goods sold and delivered for $603,853.70 (First Claim for Relief), a claim for account stated (Second Claim) and a fraud claim (Third Cause of Action) which inexplicably seeks $1,033,404.72, plus $2 million in compensatory and $4 million in punitive damages – for a total of $7 million. *See* Points C and D *infra* for a full discussion of the pleading defects in third-party complaint.

5

## B. THE THIRD-PARTY CLAIMS ARE BARRED BY N.Y.B.C.L. 1315(a).

New York Business Corporations Law §1312(a) states:

A foreign corporation doing business in this state without authority *shall not maintain any action* .... unless and until [it] has been authorized to business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in the state without authority. [ ... ] (emphasis added).

Thus, if a foreign corporation is "doing business" (as defined by the statute) in New York, it cannot maintain a lawsuit in New York. The bar applies not only in the State courts, but in federal courts sitting in the State also. *See* Invacare Corp. v. John Nageldinger & Son, Inc., 576 F.Supp. 1542 EDNY 1984), *citing* Netherlands Shipmortgage Corp. v. Madias, 717 F.2d 731, 735 (2d Cir. 1983). In short, a foreign corporation "doing business" in New York cannot maintain an action. *Id.*

To avoid interfering with interstate commerce and violating the Commerce Clause, the test of "doing business" under NYBCL §1312(a) applied by the courts requires a higher level of activity than the test for long-arm jurisdiction. In order to be "doing business" the foreign corporation must be engaged in activity within New York State that is continuous and regular. *See e.g.*, Parkwood Furniture Co. v. OK Furniture Co., 76 A.D.2d 905, 429 NYS2d 240 (2d Dept 1980).

Here, in its own pleadings, YKT alleges that through its principal Yan, it entered into an agreement with the Yuans to form Plaintiff Hongtai, and that under this agreement, YKT – a Chinese corporation owned and operated by a Yan, Chinese citizen – would continuously and regularly fill Hongtai's orders. It appears that YKT did so from 2009 until sometime in 2011. This is "continuous and regular" business activity within New York by a foreign corporation. NYBCL §1312(a) clearly states that YKT cannot "maintain any action" under the circumstances. Indeed, having affirmatively alleged that it entered into such an arrangement and did continuous and regular business in New York State for years, YKT is estopped from denying it now. Under the clear terms of NYBCL §1312(a), it cannot "maintain any action" in any court of this State.

Numerous cases discuss how much activity a foreign corporation must have to trigger the bar of NYBCL §1312(a), but a review of those cases or an in-depth analysis of YKT's activities in New York is unnecessary. YKT has already affirmatively doing business continuously and regularly in New York and is estopped from denying it now.

If YKT argues that it was haled into court by Plaintiff and is merely interposing a counter-claim, and should be allowed to maintain it despite non-compliance with NYBCL §1312(a), it must be noted that a Judge of this court has previously noted that "research has not revealed a case that stands for the specific proposition that the filing of a thrid-party complaint falls within the statute's definition of "defending" an action," *see* Williams Erectors of Suffolk County vs Mulach Steel Corp., 684 F.Supp. 357 (EDNY 1988). While that case did permit a third-party claim in spite of conceding a lack of precedent for doing so, research reveals that Williams stands alone as an anomoly. The great weight of authority is to the contrary and supports holding that the third-party action cannot proceed. *But see* MacQueston General Contracting, Inc. V HCE, Inc., 296 F.Supp.2d 437 (2003). That result is particulary appropriate in this case, where YKT's business in the State is and was, by any measure, regular, continuous, systematic and extensive.

### C. THE PLEADING FAILS TO STATE A CLAIM FOR FRAUD.

To establish a fraud claim under New York law a plaintiff must plead and prove five elements by clear and convincing evidence: 1) the defendant made a material mispreresentation; 2) the defendant knew of its falsity; 3) the defendant possessed the intent to defraud; 4) the plaintiff reasonably relied on the misrepresentation and 5) the plaintiff suffered damages as a result. Kaye v. Grossman, 202 F.3d 611, 614 (2d Cir. 2000); Schlaifer Nance & Co. V. Estate of Andy Warhol, 119 F.3d 91, 98 (2d Cir. 1997). None of the five elements are alleged in the third-party complaint.

7

In addition, fraud must be alleged with specificity. Fed.R.Civ.P. 9(b) provides that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. In addition, Fed.R.Civ.P. 9(f) states that "For the purposes of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Here, the skeletal allegations are the Third-Party Compliant are woefully inadequate to state "the circumstances constituting fraud," much less the time and place where the purported ly fraudulent statements (whatever they were, since the pleading does not recite them) were allegedly made. This cause of action can be dismissed simply for violation of the pleading requirements of Fed.R.Civ.P. 9, but a closer analysis also demonstrates that it should be dismissed because none of the elements of common law fraud or any of its variants have been alleged with the sufficiency that is required to state a claim for fraud.

The first element, material misrepresentation, is not present. Simply put, there is nothing at all alleged in the third-party complaint that even suggests, let alone alleges, directly or indirectly, any specific representation of any kind – let alone any misrepresentation – that was ever made by anyone to YKT. As shown below, without such allegations, none of the other elements of fraud are present.

The second element, knowledge of falsity of the third-party Defendants' representation, is not present either. Since there is nothing alleged in the third-party complaint about any representation at all, it follows nothing is alleged about a representation being made with knowledge of its falsity.

The third element, intent to defraud, is not present, either. The vague allegations in the third-party complaint that the third-party defendants were formed "to enable [the Yuans] to commit fraud" is not specific enough to satisfy the requirement for pleading fraud claims.

8

The fourth element, reliance which is reasonable, is glaringly absent as well. Since there is nothing alleged in the third-party complaint about any representations at all, it follows that the third-party complaint fails to allege that anyone relied upon any representations.

The fifth element, damages as a result of the misrepresentation, is present, but not sufficiently alleged. To the extent that YKT has plead damages, its allegations are nonsensical: it alleges that it sold goods for which it was not paid $603,000, but in its third cause of action, it seeks $1,033,404.72 *plus* $2 million in compensatory damages, *plus* $4 million in punitive damages. To prove damages in a fraud action, a plaintiff must show that the defendant's conduct was the "direct, immediate and proximate result" of a misrepresentation. Kaye, *supra*, 202 F.3d at 614, *quoting* Kregos v. Assoicated Press, 3 F.3d 656, 665 (2d Cir. 1993). Here, there are no allegations that make any attempt to explain or reconcile the inconsistency between the $603,000 alleged to be owed under the first two causes of action in the third-party complaint, and the $7 million of damages sought under the third cause of action in the third-party complaint. (As to punitive damages, *see* Point D *infra*.)

If YKT takes the position that its third-party complaint is meant to state a claim for fraudulent inducement, its argument must be rejected. Under New York law, fraudulent inducement requires allegations of misstatements of material fact or promises made with a present but undisclosed intent not to perform them. Deerfield Comm. Corp v. Cheeseborough-Ponds, Inc., 68 NY2d 954 (1986).

To plead fraudulent inducement under New York law, a party must allege (1) a material false representation or omission of an existing fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, 4) that induces reasonable reliance (5) that damages the plaintiff. New York University v. Continental Ins. Co., 1995 N.Y. Lexis 44752, 1995 WL 761955 (Ct. App.1995): Graubard Mollen et al v. Moskovitz, 86 NY2d 112, 629 NYS2d 1009 (1995); Sudul v. Computer Outsourcing Services, Inc., 917 F.Supp. 1033 (SDNY 1996)(applying New York law). As noted above, with the

9

arguable exception of alleging the element of intent to defraud – albeit an a manner that is deficient for vagueness – YKT has alleged none of these elements. Thus, YKT cannot argue that its thrid-party complaint states a claim for fraudulent inducement.

The gist of the third-party complaint is simply that goods were sold and delivered and not paid for, and leaving aside for a moment the fact that there is apparently no contract between YKT and the third-party defendants, failure to perform a contract is not fraud and breach of contract does not give rise to a fraud claim absent a separate duty aside from the contract itself. Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 NY2d 382. *See also* Breifstein v. P.J. Rotondo Costruction Co., 8 AD2d 349, 187 NYS2d 866 (1st Dept 1959)(affirming dismissal of a fraud claim claiming that the defendant never intended to perform his contract at the time the contract was made):

> To say that a contracting party intends when he enters into a contract not to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk paying damages for breach of contract ...

Id. at 351, 187 NYS2d 866. Thus, if the third-party compliant's fraud claim is premised on the claim that the third-party defendants wilfully breached the contract, the fraud claim is merely duplicative of the contract claim, and must be dismissed. This is a well settled and clearly established principle. Modell's N.Y., Inc v. Noodle Kidoodle, Inc. 242 AD2d 248, 662 NYS2d 24 (1st Dept 1997); Wallace v. Crisman, 173 AD2d 322, 323, 573 NYS2d 654 (1st Dept 1991)(no fraud if the only fraud charged relates to a breach of contract); Gordon v. de Laurentis, 115 AD2d 279, 496 NYS2d 154 (1st Dept 1988)(same).

This analysis clearly applies here, where the third-party plaintiff alleged merely that the third-party defendants engaged in fraud "by virtue of all of the foregoing," meaning the allegations recited in the prior cause of actions for goods sold and delivered and account stated. As such, as a matter of law, there is no fraud. See Hadari v. Leshchinsky, 242 AD2d 557, 662 NYS2d 85 (2nd Dept

1997)("A cause of action for fraud cannot stand [if] the fraud alleged relates to a breach of contract.") Spellman v. Columbia Manicure Manufacturing Co., Inc., 111 AD2d 320, 489 NYS2d 304 (2nd Dept 1985)(same).

### D. THE REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED.

The third-party defendants also request that the court dismiss YKT's request for punitive damages. In actions for breach of contract, damages are limited to pecuniary loss; punitive damages are not recoverable. Garrity v Lyle Stuart, Inc., 40 NY2d 354, 386 NYS 831. Here YKT's claims, whether couched as claims for goods sold and delivered, an account stated, or fraud, are all based on the agreements the parties made as to their business relationship – agreements YKT is estopped from denying, after having alleged their existence in its pleadings – and the breach of such agreement(s) give rise to no damages other than pecuniary loss.

It is well settled under New York law that punitive damages are not available in contractual action that are based on private wrongs, but rather are available only where fraud involves a high degree of moral culpability, as opposed to an isolated transaction that is incident to the conduct of a legitimate business. Fischer v Yaakov, 176 AD2d 657, 552 NYS2d 37 (2d Dept 1990); Estate of Roth v Erhal Holding Corp., 141 AD2d 693, 529 NYS2d 815 (3d Dept 1988); Koppel v Wien, Lane & Malkin, 124 AD2d 230, 509 NYS2d 327 (1st Dept 19886). This is so even if the breach of contract was intentional. Estate of Roth, *supra*, 529 NYS2d at 817. Here, it can reasonably be inferred from the allegations of the thrid-party complaint that even if the acts alleged to have done by the thrid-party defendants were intentional – which is arguable given that the complaint fails to identify any particular statements or specific actions – any such acts were incident to the conduct of a legiti-mate business in which third-party plaintiff YKT was a willing participant.

11

## CONCLUSION

For the foregoing reasons, the third-party defendants respectfully request that this Court enter an order dismissing the Third-Party Complaint with prejudice pursuant to Fed.R.Civ.P. 9 and 12(b)(6) for failure to state a claim.

New York, New York
November 14, 2012

*[signature]*

MARC E. ELLIOTT (MEE 9694)
Of Counsel
DAI & ASSOCIATES, P.C.
Attorneys for Third-PartyDefendants
1500 Broadway – 22nd Floor
New York, New York
(212) 733-8880

...\..\HONGTAI briefr.dismiss....