```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
HONGTAI TRADING INC., ZHIHAO YUAN,                :
and ZHIQIN YUAN,                                  :
                                                  :
                        Plaintiffs,               :      MEMORANDUM & ORDER
                                                  :      12-CV-3683 (DLI)(VMS)
               -against-                          :
                                                  :
MINGSHENG YAN, BILL YU, YING KOU                  :
TAIYANG PACKING PRODUCTS CO., LTD. and,           :
US TAIYANG PACKING PRODUCTS CO., LTD.             :
                                                  :
                        Defendants.               :
----------------------------------------------------------------- x
YING KOU TAIYANG PACKING PRODUCTS CO.             :
LTD.,                                             :
                                                  :
                        Third-Party Plaintiff,    :
                                                  :
               -against-                          :
                                                  :
YYT EMPIRE, INC., and WT EMPIRE, INC.,            :
                                                  :
                        Third-Party Defendants.   :
----------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

      Third-party plaintiff Ying Kou Taiyang Packing Products Co., Ltd. ("YKT") filed the instant action against third-party defendants YYT Empire, Inc. ("YYT"), and WT Empire, Inc. ("WT") (collectively, "Third-Party Defendants"), asserting state law claims for breach of contract and fraud. (*See* Third-Party Complaint ("3P Compl."), Dkt. Entry No. 8 ¶¶ 12-21.) The Third-Party Defendants move, pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the instant action in its entirety (*see* Third-Party Defendants' Memorandum of Law in Support of Dismissal ("3P Defs.' Mem."), Dkt. Entry No. 20), which YKT opposes (*see* Third-Party Plaintiff's Memorandum in Opposition to Dismissal ("3P Pl.'s Opp'n"), Dkt. Entry No. 25). For the reasons set forth more fully below, the Third-Party

Complaint is dismissed without prejudice. YKT, a foreign corporation doing business in the state of New York without proper registration, cannot maintain a diversity action in this Court.

## BACKGROUND

The facts are taken from the Third-Party Complaint and are assumed true solely for purposes of the resolution of this motion. Additionally, portions of the facts are taken from other pleadings in this action, such as the underlying complaint (*see* Complaint, Dkt. Entry No. 1) and the joint Answer to the Complaint filed on behalf of defendants Mingsheng Yan, Bill Yu, YKT, and US Taiyang Packing Products Co., Ltd. (collectively, the "Defendants") (*see* Answer ("Ans."), Dkt. Entry No. 6).

YKT is a Chinese corporation, with its principal place of business in Yin Kou, China. (3P Compl. ¶ 1.) Mingsheng Yan ("Yan") is the principal and owner of YKT, and is a citizen and domiciliary of China. (Ans. ¶ 73.) YKT manufactures plastic shopping bags at its factory in China. (*Id*. ¶ 12.) In 2008, YKT sold its plastic shopping bags to Zhihao Yuan ("York") and Zhiquan Yuan ("Alex") for resale to customers in the United States. (*Id*. ¶ 78.) This sales relationship between York, Alex, and YKT persisted for more than one year. (*Id*. ¶¶ 11-14.)

On January 8, 2009, York, Alex, and Yan formed Hongtai Trading, Inc. ("Hongtai") to import and distribute YKT's plastic shopping bags to customers in New York. (*Id*. ¶¶ 77-80, 82; 3P Pl.'s Opp'n at 2.) Hongtai is a New York corporation, with a principal place of business in Whitestone, New York. (Compl. ¶ 4.) In October 2010, U.S. Customs and Border Protection detained a shipment of plastic shopping bags sent from YKT to Hongtai for violating anti-dumping regulations. (Ans. ¶¶ 26, 87.) Subsequently, York and Alex formed two companies, YYT and WT, to continue importing plastic bags from YKT. (*Id*. ¶ 88.) Both YYT and WT owe YKT payment for shipments of plastic shopping bags already received. (*Id*. ¶¶ 91-92, 95.)

On July 25, 2012, Hongtai, York, and Alex filed the instant action against the Defendants, asserting claims under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act") and New York law. (Compl. ¶¶ 36-69.) The Defendants filed an Answer and Counterclaim and, subsequently, YKT filed its Third-Party Complaint against YYT and WT. In the Third-Party Complaint, YKT alleged state law claims of breach of contract and fraud. (3P Compl. ¶¶ 12-21.) YKT pleaded "ancillary and pendant jurisdiction." (*Id.* ¶ 11.) Presently before the Court, is the motion to dismiss the Third-Party Complaint filed by Third-Party Defendants YYT and WT.

## DISCUSSION

### I. Legal Standard for Dismissal

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations

contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## II. Suits by Unregistered Foreign Corporations Doing Business in New York

The Third-Party Defendants assert that YKT is a foreign corporation doing business in New York without proper authority. (Defs.' Mem. at 6-7.) Under New York's "Door-Closing" statute:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute . . . as well as penalties and interest charges related thereto, accrued against the corporation . . . .

N.Y. Bus. Corp. L. § 1312(a). "Section 1312 . . . was passed to ensure that those foreign companies that engaged in systematic intrastate transactions in New York undertook to conform to registration and taxation requirements before taking advantage of the state's courts as a forum for its grievances . . . ." *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 566 (S.D.N.Y. 2009) (dismissing claims of an unregistered foreign corporate defendant) (quoting *Commodity Ocean Transp. Corp. v. Royce*, N.Y.L.J., Aug. 31, 1993, at 26 (West. Co., Aug. 30,

4

1993)). "Section 1312(a) bars unauthorized foreign corporations both from pursuing suits in New York state courts and from pursuing diversity actions in the federal courts of New York." *Id.* (citing *Netherlands Shipmortg. Corp. v. Madias*, 717 F. 2d 731 (2d Cir. 1983)). A foreign corporation is "doing business" in New York if it has "regular" and "continuous" sales to customers in New York. *See Parkwood Furniture Co. v. OK Furniture Co.*, 76 A.D.2d 905, 905-06 (2d Dep't 1980) (concluding that a foreign corporation that sold more than $1,000,000 in merchandise in New York, through sales agents located in New York, violated Section 1312(a) and forfeited the opportunity to pursue its claims for breach of contract in New York); *see also Netherlands Shipmortg. Corp.*, 717 F. 2d at 736 ("New York courts have repeatedly and recently affirmed the vitality of this standard which requires the intrastate activity of a foreign corporation to be permanent, continuous, and regular for it to be doing business in New York.").

YKT's pleadings and submissions in connection with this motion demonstrate that it was regularly and continuously doing business in New York. YKT admitted that it sold merchandise from January 2009 to October 2010 to New York customers through Hongtai, a New York corporation, and that Hongtai was formed as a joint venture for that purpose. (Ans. ¶¶ 26, 77-80, 82, 87; 3P Pl.'s Opp'n at 2.) Furthermore, the pleadings indicate that, prior to the formation of Hongtai, YKT regularly sold its merchandise to York and Alex and that York and Alex then sold it to New York customers. (Ans. ¶¶ 11-14, 78.) YKT's submissions in connection with this motion further demonstrate that YKT regularly and continuously sold merchandise to New York corporations YYT and WT in 2011. (*See* Exs. B, C, D, attached to the Affidavit of Yan, Dkt. Entry No. 24.) The pleadings do not specify the total sales to YYT and WT, but at the very least, YKT sold over one million dollars' worth of its merchandise to those companies as that is the amount YKT claims it is owed. (*See* Ans. ¶¶ 95-96, 99.) Under these facts and circumstances,

5

YKT may not pursue pendant state law claims against YYT and WT because it is without authorization to be doing business in New York. Accordingly, the Third-Party Complaint is dismissed without prejudice and with leave to reinstate, should YKT remedy its violation of Section § 1312(a) within thirty days of the date of this Order. Because this issue is dispositive, the Court declines to address whether dismissal of the fraud claim is merited under Rule 9.

## CONCLUSION

For the reasons set forth above, the Third-Party Complaint is dismissed without prejudice and with leave to reinstate within thirty days from the date of this Order upon YKT's demonstrated compliance with N.Y. Bus. Corp. L. 1312(a) in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
        April 26, 2013

/s/
DORA L. IRIZARRY
United States District Judge