```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
HONGTAI TRADING INC., ZHIHAO YUAN,            :
and ZHIQIN YUAN,                              :
                                              :
                Plaintiffs,                   :    MEMORANDUM & ORDER
                                              :    12-CV-3683 (DLI)(VMS)
        -against-                             :
                                              :
MINGSHENG YAN, BILL YU, YING KOU              :
TAIYANG PACKING PRODUCTS CO., LTD. and,       :
US TAIYANG PACKING PRODUCTS CO., LTD.         :
                                              :
                Defendants.                   :
----------------------------------------------------------------- x
YING KOU TAIYANG PACKING PRODUCTS CO.         :
LTD.,                                         :
                                              :
                Third-Party Plaintiff,        :
                                              :
        -against-                             :
                                              :
YYT EMPIRE, INC., and WT EMPIRE, INC.,        :
                                              :
                Third-Party Defendants.       :
----------------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

Third-party plaintiff Ying Kou Taiyang Packing Products Co., Ltd. ("YKT") filed the instant action against third-party defendants YYT Empire, Inc. ("YYT"), and WT Empire, Inc. ("WT") (collectively, "Third-Party Defendants"), asserting state law claims for breach of contract and fraud. (*See* Amended Third-Party Complaint ("Amended 3P Compl."), Dkt. Entry No. 31 ¶¶ 69-86.) The Third-Party Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the instant action in its entirety (*see* Third-Party Defendants' Memorandum of Law in Support of Dismissal ("3P Defs.' Mem."), Dkt. Entry No. 34), which YKT opposes (*see* Third-Party Plaintiff's Memorandum in Opposition to Dismissal ("3P Pl.'s Opp'n"), Dkt. Entry No. 37). For the reasons set forth more fully below, the Third-Party

Defendants' Motion to Dismiss is denied. YKT is a foreign corporation whose conduct in interstate commerce is outside of the jurisdictional bar of New York Business Corporations Law § 1312(a).

## BACKGROUND

The facts are taken from the Amended Third-Party Complaint and are assumed true solely for purposes of the resolution of this motion. Additionally, portions of the facts are taken from other pleadings in this action, such as the underlying complaint (*see* Complaint, Dkt. Entry No. 1) and the joint Answer to the Complaint filed on behalf of defendants Mingsheng Yan, Bill Yu, YKT, and US Taiyang Packing Products Co., Ltd. (collectively, the "Defendants") (*see* Answer ("Ans."), Dkt. Entry No. 6).

YKT is a Chinese corporation, with its principal place of business in Yin Kou, China. (Amended 3P Compl. ¶ 3.) Mingsheng Yan ("Yan") is the principal and owner of YKT, and is a citizen and domiciliary of China. (Ans. ¶ 73.) YKT manufactures plastic shopping bags at its factory in China. (*Id*. ¶ 12.) In 2008, YKT sold its plastic shopping bags to Zhihao Yuan ("York") and Zhiquan Yuan ("Alex") for resale to customers in the United States. (*Id*. ¶ 78.) This sales relationship between York, Alex, and YKT persisted for more than one year. (*Id*. ¶¶ 11-14.)

On January 8, 2009, York, Alex, and Yan formed Hongtai Trading, Inc. ("Hongtai") to import and distribute YKT's plastic shopping bags to customers in New York. (*Id*. ¶¶ 77-80, 82.) Hongtai is a New York corporation, with a principal place of business in Whitestone, New York. (Compl. ¶ 4.) In October 2010, U.S. Customs and Border Protection detained a shipment of plastic shopping bags sent from YKT to Hongtai for violating anti-dumping regulations. (Ans. ¶¶ 26, 87.) Subsequently, York and Alex formed two companies, YYT and WT, to

continue importing plastic bags from YKT.  (*Id*. ¶ 88.)  Both YYT and WT owe YKT payment for shipments of plastic shopping bags already received.  (*Id*. ¶¶ 91-92, 95.)

On July 25, 2012, Hongtai, York, and Alex filed the instant action against the Defendants, asserting claims under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. ("Lanham Act") and New York law.  (Compl. ¶¶ 36-69.)  The Defendants filed an Answer and Counterclaim and, subsequently, YKT filed its Original Third-Party Complaint against YYT and WT.  In the Original Third-Party Complaint, YKT alleged state law claims of breach of contract and fraud.  (Original 3P Compl. ¶¶ 12-21.)  YKT pleaded "ancillary and pendant jurisdiction."  (*Id*. ¶ 11.)  The Third-Party Defendants moved to dismiss the Original Third-Party Complaint. On April 26, 2013, this Court issued a Decision and Order granting the Third-Party Defendants' motion to dismiss YKT's Original Third-Party Complaint, with leave to reinstate within thirty days upon compliance with New York Business Corporations Law § 1312(a).  (Apr. 26, 2013 Memorandum & Order, Dkt. Entry No. 29.)

Rather than directly comply with the Court's Order, YKT filed a "letter motion" and a proposed Amended Third-Party Complaint on May 26, 2013, based upon the same claims, but including previously undisclosed facts about the interstate nature of YKT's operations. (Amended 3P Compl.) Without passing on the merits of YKT's claim, this Court granted the YKT's motion to amend the Third-Party Complaint on May 28, 2013.  Presently before the Court is the Third-Party Defendants' Motion to Dismiss YKT's Amended Third-Party Complaint.

## DISCUSSION

### I. Legal Standard for Dismissal

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## II. Suits by Unregistered Foreign Corporations Doing Business in New York

The Third-Party Defendants assert that YKT is a foreign corporation doing business in

New York without proper authority. (Defs.' Mem. at 3-4.) Under New York's "Door-Closing" statute:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute . . . as well as penalties and interest charges related thereto, accrued against the corporation . . . .

N.Y. Bus. Corp. L. § 1312(a). This statute applies to a federal court sitting in diversity. *See Netherlands Shipmortg. v. Madias*, 717 F. 2d 731, 735 (2d Cir. 1983). The court must engage in a fact-specific analysis to determine whether section 1312(a) bars a foreign corporate plaintiff's suit. *See Von Aryx v. Breitenstein*, 52 A.D.2d 1049, 1050 (4th Dep't 1976). The inquiry is based on whether the foreign corporation's business presence in New York is of a nature that is permanent, continuous, and regular. *See Commodity Ocean Transp. Corp. of N.Y. v. Royce*, 221 A.D.2d 406, 407 (2d Dep't 1995). Absent sufficient evidence to establish that a plaintiff is doing business in this State, "the presumption is that the plaintiff is doing business in its State of incorporation . . . and not in New York." *Cadle Co. v. Hoffman*, 237 A.D.2d 555, 555 (2d Dep't 1997).

"The purpose of section 1312 of the Business Corporation Law and its predecessor statutory provisions is not to enable defendants to avoid contractual obligations but to regulate such foreign corporations which are in fact conducting business within the State so that they shall not be doing business under more advantageous terms than those allowed a corporation of this State." *Von Arx*, 221 A.D.2d at 1050. However, a State may not unlawfully interfere with a foreign company's right to engage in purely *interstate* commerce. *See Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, (1917); *see also Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S.

20, 24, (1974) (finding a Mississippi "closing-door" statute inapplicable due to interference with the Commerce Clause where the company's activity in question was one of a interstate nature rather than intrastate).

In its Amended Third-Party Complaint, YKT alleges new facts absent from the Original Third-Party Complaint that clarify the exclusively *inter*state nature of its operations.  YKT is a Chinese corporation, which maintains no assets, offices, telephone listing, bank accounts, or employees in the State of New York. (Amended 3P Compl. ¶¶ 8, 60-61; 3P Pl.'s Opp'n at 6.)  Its plastic bags are delivered and taken possession of outside of New York.  (Amended 3P Compl. ¶¶ 6-7, 62-63.)  It does not advertise or promote its products in New York.  (3P Pl.'s Opp'n at 6.)  The only fact linking it to New York, its distribution of its products through Hongtai to New York customers, is "incidental to its business in interstate and international commerce." *Uribe v. Merchants Bank of N.Y.*, 266 A.D.2d 21, 22 (1st Dep't 1999).  Such activities do not constitute "doing business within this state" within the contemplation of § 1312(a). *See id* at 22; *see also Lok Prakashan, Ltd. v. India Abroad Publications, Inc.*, 94 Fed. Appx. 856, 857-58 (2d Cir. 2004) (summary order) (holding that foreign company that prints and distributes newspaper in New York, whose contacts are incidental to its business in interstate and international commerce, was not subject to the jurisdictional bar of § 1312(a)); *S & T Bank v. Spectrum Cabinet*, 247 A.D.2d 373, 373-74 (2d Dep't 1998) (shipping a "large amount of product" into New York was insufficient to establish that a foreign corporation was "doing business" within the meaning of § 1312(a)).

Accordingly, the Third-Party Defendants' fail to overcome the presumption that YKT does business, not in New York, but rather in its state of incorporation.  The Court therefore finds N.Y. Business Corporation Law § 1312(a) does not apply to this case.

## CONCLUSION

For the reasons set forth above, the Third-Party Defendants' motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2014

/s/
DORA L. IRIZARRY
United States District Judge